UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LaSALLE BANK NATL. ASSOC., | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | No. 3:12-1030 Judge Campbell/Brown |
| WENDY JOHNSON, | ) ) ) | |
| Defendant | ) | |

**TO:   THE HONORABLE TODD J. CAMPBELL**

### REPORT AND RECOMMENDATION

For the reasons stated below the Magistrate Judge recommends that the Plaintiff's motion to remand this case be **GRANTED** and the matter remanded to the General Sessions Court of Davidson County, Tennessee, from which it was removed.

### BACKGROUND

The LaSalle Bank filed a detainer warrant against Wendy Johnson, or current occupants, of 5149 West Oak Highland Drive, Antioch, TN 37013, on September 24, 2012. The warrant simply requested possession of the property (Docket Entry 1). Although the removal petition cites the Constitution of the United States, there is no particular citation to a federal question, nor is there any allegation that even if the matter was between citizens of different states that the amount in controversy exceeds $75,000. The jurisdiction of a General Sessions Court is limited to $15,000. The notice of removal itself is signed by Chatura Waheeda Hatshipsue on behalf of Wendy Johnson. There is no indication

whatever that Hatshipsue is an attorney or has any authority to sign on behalf of Defendant.

After the matter was referred to the undersigned for case management and a report and recommendation on any dispositive motion (Docket Entry 3), the Magistrate Judge entered an order expressing grave doubt that the Court had jurisdiction and noting that a purported counterclaim (Docket Entry 2) was incomprehensible.  The matter was set for a hearing to argue the issue of whether the case was properly removed and whether the Court had jurisdiction over any of the matters alleged (Docket Entry 5).  At the appointed time on November 26, 2012, counsel for the Plaintiff appeared, but neither Wendy Johnson nor Chatura Hatshipsue appeared.

Presently pending is the Plaintiff's motion to remand (Docket Entry 9).[1]

**LEGAL DISCUSSION**

The Magistrate Judge agrees with the Plaintiff's brief in this matter that the Defendant has not established grounds for removal of this matter.  As an initial matter, it is possible that there could be two defendants in this case.  The named Defendant, Wendy Johnson, and any other defendants listed as current

---

[1]Technically, the motion to remand should have been accompanied by a separate memorandum of law.  However, given the earlier failure of the Defendant to appear at the scheduled case management conference or to oppose the motion, the Magistrate Judge will fully consider the matter.

occupants. As the Magistrate Judge has previously pointed out, the removal petition is not signed by Wendy Johnson or filed by someone on her behalf who is a licensed attorney.

Assuming that Ms. Hatshipsue is a current occupant, she might have been able to remove on her own behalf. However, the pleading is not signed as such. Giving her the benefit of the doubt, that would still leave the problem that 28 U.S.C. § 1446(b)(2)(A) states that all defendants who have been properly joined and served must join in or consent to removal of the action. In this case, it does not appear that Ms. Johnson has joined in this removal action.

28 U.S.C. § 1446(c) requires that removal based on diversity must meet the requirements of Subsection (c), one of which is that the amount in controversy must exceed the amount specified in 28 U.S.C. § 1332(a), which is $75,000. In this case the Plaintiff points out that the only relief they have requested is possession of the property. Decisions concerning the ownership of the property have apparently already been satisfied through the foreclosure proceedings against Ms. Johnson.

Another ground for removal under 28 U.S.C. § 1441 is the possibility of a federal claim. The Magistrate Judge does not see that there is any proper allegation of a federal claim in this matter. This is a simple state court action for possession of the property.

Although, in various of the pleadings Ms. Hatshipsue makes various references to being a diplomat and official of the Shaykamaxum Atlanexem Republic, there is no indication that such a government exists or is recognized by the United States, such as to make this a case involving a federal question.

The fact that Ms. Hatshipsue has attempted to file a counter-claim (Docket Entry 2) does not appear to contain any substance. As the Plaintiff points out in their brief, it appears to be simply a collection of various statements and case citations, which as far as the Magistrate Judge can tell, have no relation to reality or to fact.

As noted above, the Defendant failed to attend the initial case management conference where she was asked to be prepared to discuss jurisdictional issues. Additionally, as of the date of the filing of this report and recommendation, no response has been made to the motion to remand, which was due November 26, 2012.

**RECOMMENDATION**

For the reasons cited above the Magistrate Judge recommends that this case be remanded to the General Sessions Court from which it was removed for lack of jurisdiction.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this

Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTER this 27th day of November, 2012.

    /s/ Joe B. Brown
JOE B. BROWN
UNITED STATES MAGISTRATE JUDGE